UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Christopher W. Madel,

          Plaintiff,

v.

United States Department of Justice and
Drug Enforcement Administration,

          Defendants.

**COMPLAINT**

Case No. _____

## Complaint for Declaratory and Injunctive Relief

Plaintiff Christopher W. Madel brings this action against Defendants United States Department of Justice and Drug Enforcement Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 1346.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1402.

### Parties

3. Plaintiff is an individual who resides in Hennepin County, Minnesota. Plaintiff seeks information in the public interest relating to the oxycodone epidemic in the southeastern United States.

4. Defendant United States Department of Justice ("DOJ") is a federal agency, as that term is defined by 5 U.S.C. § 552(f)(1). Defendant DOJ houses Defendant Drug Enforcement Administration ("DEA"). Defendant DEA is headquartered at 8701 Morrissette Drive, Springfield, Virginia 22152.

## Facts

### I.    Plaintiff's November 20, 2012 FOIA Request

5. On November 20, 2012, Plaintiff sent a Freedom of Information Act ("FOIA") request, via U.S. mail, to Defendants, seeking access to specific data which Plaintiff has reason to believe resides in the ARCOS-2 database, maintained by DEA. A true and correct copy of this November 20, 2012 request is attached hereto as *Exhibit 1*.

6. Defendants acknowledged receipt of Plaintiff's November 20, 2012 FOIA request by letter dated November 29, 2012 and post-marked November 30, 2012. Defendants assigned Plaintiff's November 20, 2012 request "Case Number: 13-00105-F." Defendants provided no additional information as to whether or when Defendants would respond to Plaintiff's request.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants' response to Plaintiff's November 20, 2012 request was due by December 19, 2012.

8. As of the date of this Complaint, Defendants have failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production.

9. On February 5, 2013, at approximately 9:00 a.m. CST, Plaintiff's counsel called the telephone number listed on the November 29, 2012 letter that Defendants sent

to Plaintiff (202-307-7596). Plaintiff's counsel inquired as to the status of Plaintiff's request and was told that the request was "still in queue and has not been assigned to a specialist." Plaintiff's counsel was further told that Defendants' response "could take months."

10. Defendants' failure to provide Plaintiff with an estimated date on which Defendants will complete action on the request violates 5 U.S.C. § 552(a)(7)(B), particularly as this status request was made over two months after the request was submitted, and over one month after Defendants' response was due.

## II.   Plaintiff's February 5, 2013 FOIA Request

11. On February 5, 2013, Plaintiff sent a FOIA request, via U.S. mail, to Defendants, seeking access to additional specific data which Plaintiff has reason to believe resides in the ARCOS-2 database, maintained by DEA. A true and correct copy of this February 5, 2013 request is attached hereto as *Exhibit 2*.

12. Defendants acknowledged receipt of Plaintiff's February 5, 2013 FOIA request by a letter dated February 20, 2013. Defendants assigned Plaintiff's February 5, 2013 request "Case Number: 13-00233-F." Defendants provided no additional information as to whether or when Defendants would respond to Plaintiff's request.

13. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants' response to Plaintiff's February 5, 2013 request was due by March 20, 2013.

14. As of the date of this Complaint, Defendants have failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production.

**III.    DEA's ARCOS Database**

15.  As offered by Plaintiff in his two FOIA requests, DEA may search and produce records from its computerized Automation of Reports and Consolidated Orders System (ARCOS) database.

16.  ARCOS is an automated, comprehensive drug reporting system which monitors the flow of DEA controlled substances from their point of manufacture through commercial distribution channels to point of sale or distribution at the dispensing/retail level—hospitals, retail pharmacies, practitioners, mid-level practitioners, and teaching institutions. Included in the list of controlled substance transactions tracked by ARCOS are the following: All Schedules I and II materials (manufacturers and distributors); Schedule III narcotic and gamma-hydroxybutyric acid (GHB) materials (manufacturers and distributors); and selected Schedule III and IV psychotropic drugs (manufacturers only).

17.  ARCOS accumulates these transactions which are then summarized into reports which give investigators in federal and state government agencies information which can then be used to identify the diversion of controlled substances into illicit channels of distribution. The information on drug distribution is used throughout the United States (U.S.) by investigators.

18.  DEA has made certain ARCOS information publicly available.

19.  DEA created and drafted *Exhibit 3*.

20. The attached *Exhibit 3* shows that creating the reports requested by Plaintiff would not be burdensome or difficult, and may be accomplished at any DEA office with access to the ARCOS database.

**IV.   Defendants Request Plaintiff to Pay Them Money for the Searches, and Plaintiff Complied**

21. Defendants sent Plaintiff a letter dated May 16, 2013 regarding Case Number: 13-00233-F. In the letter, Defendants demanded that Plaintiff pay a fee of at least $3,434.00 to obtain the information that Plaintiff had requested three-and-a-half months prior. Defendants again provided no additional information as to whether or when Defendants would respond to Plaintiff's request.

22. Defendants sent Plaintiff a letter dated May 21, 2013 regarding Case Number: 13-00105-F. In the letter, Defendants demanded that Plaintiff pay a fee of at least $3,362.00 to obtain the information that Plaintiff had requested six months prior. Defendants again provided no additional information as to whether or when Defendants would respond to Plaintiff's request.

23. On June 11, 2013, Plaintiff sent Defendants, via Federal Express, a letter regarding Case Number: 13-00233-F that enclosed a check in the amount of $3,434.00. In the same letter, Plaintiff additionally enclosed Plaintiff's November 20, 2012 FOIA request (*i.e.*, Case Number: 13-00105-F), as Defendants had provided no response to either this request or the February 5, 2013 request (*i.e.*, Case Number: 13-00233-F).

24. On June 20, 2013, Plaintiff sent Defendants, via Federal Express, a letter regarding Case Number: 13-00105-F that enclosed a check in the amount of $3,362.00.

25. Defendants sent Plaintiff two letters, each dated July 3, 2013, acknowledging that Defendants had received Plaintiff's $3,362.00 payment in connection with Case Number: 13-00105-F and Plaintiff's $3,434.00 payment in connection with Case Number: 13-00233-F. The letters are otherwise identical and each state that "unusual circumstances apply to your request because you seek investigative records." Besides claiming, in both letters, that "your request will be processed as expeditiously as possible," Defendants provided no information, in either letter, as to whether or when Defendants would respond to Plaintiff's requests.

### V.     Plaintiff's Unsuccessful Requests for Defendants to Produce the Requested Documents

26. On August 12, 2013, Plaintiff sent Defendants a letter regarding both Case Number: 13-00105-F and Case Number: 13-00233-F. In the letter, Plaintiff stated that "[t]his process is simply taking too long." Plaintiff further stated that unless Defendants provided "the requested data on or before September 16, 2013," Plaintiff would "be forced to take appropriate action in the federal courts."

27. On August 29, 2013, Plaintiff's colleague received a call from Defendants' representative, Linda Johnson. Ms. Johnson left a return telephone number, 202-307-4181. During the call, Defendants responded tersely to questions from Plaintiff's colleague, complained that the file was very large, and indicated that Plaintiff's requests had not yet been processed.

28. On September 25, 2013, Plaintiff left a voicemail to Ms. Johnson at 202-307-4181. In the voicemail, Plaintiff asked for an update of the above-requested information.

Plaintiff further stated that if the requested information was not in his possession soon, he would be forced to file a lawsuit to obtain it.

29. Defendants never responded to Plaintiff's September 25, 2013 voicemail.

30. Defendants' failure to provide Plaintiff with an estimated date on which Defendants will complete action on the request in Case Number: 13-00105-F and Case Number: 13-00233-F violates 5 U.S.C. § 552(a)(7)(B).

31. As of the date of this Complaint, Defendants have failed to indicate when any responsive records will be produced regarding either Case Number: 13-00105-F or Case Number: 13-00233-F.

## Count 1
### (November 20, 2012 FOIA Request)

32. Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

33. Defendants have violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's November 20, 2012 request within the time limits required by 5 U.S.C. § 552(a)(6)(A).

34. Defendants have additionally violated FOIA by failing to provide Plaintiff with an estimated date on which Defendants will complete action on Plaintiff's November 20, 2012 request.

35. Plaintiff is being irreparably harmed by reason of Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

## Count 2
### (February 5, 2013 FOIA Request)

36. Plaintiff realleges paragraphs 1 through 35 as if fully stated herein.

37. Defendants have violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's February 5, 2013 request within the time limits required by 5 U.S.C. § 552(a)(6)(A).

38. Defendants have additionally violated FOIA by failing to provide Plaintiff with an estimated date on which Defendants will complete action on Plaintiff's February 5, 2013 request.

39. Plaintiff is being irreparably harmed by reason of Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1)  declare Defendants' failure to comply with FOIA to be unlawful;

(2)  order Defendants to search for, and immediately produce, any and all records responsive to Plaintiff's (a) November 20, 2012 request; and (b) February 5, 2013 request;

(3)  grant Plaintiff an award of attorneys' fees and other costs of litigation pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4)  grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

DATED:  October 15, 2013         **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: *s/Aaron R. Thom*
 Jennifer M. Robbins (387745)
 Aaron R. Thom (392646)

800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402-2015
612-349-8500
jmrobbins@rkmc.com
arthom@rkmc.com

**Attorneys for Plaintiff**

83673457.2