UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case Number: 13-cv-2832

| | |
|---|---|
| CHRISTOPHER W. MADEL ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> et al., ) <br> ) <br> ) <br> ) <br> Defendants. ) | **DEFENDANTS' AMENDED ANSWER TO TO PLAINTIFF'S COMPLAINT** |

Defendants U.S. Department of Justice ("DOJ") and Drug Enforcement Administration ("DEA"), by and through the undersigned counsel, hereby provides this Amended Answer to Plaintiff's Complaint.  Defendants specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

Answering the numbered paragraphs of Plaintiff's Complaint, Defendants respond as follows:

**Jurisdiction and Venue**

1.     Defendants deny Plaintiff's legal assertion of jurisdiction under 5 U.S.C. § 552(a)(4)(B) to the extent that Plaintiff has failed to allege that Defendants are improperly withholding agency records.  Defendants further deny Plaintiff's legal assertion of jurisdiction under 28 U.S.C. § 1331 and § 1346.

2. Defendants deny Plaintiff's legal assertion that 28 U.S.C. § 1402 establishes venue in this matter.

## Parties

3. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity the allegations in this paragraph, and therefore deny the same. .

4. Defendants admit that DOJ is an agency within the meaning of 5 U.S.C. § 522(f) but deny any allegations inconsistent with this statutory provision. Defendants admit that DEA is a bureau within DOJ and has its headquarters in Arlington, Virginia. Deny any remaining allegations in this paragraph.

## Facts

5. Defendants lack sufficient knowledge or information to form a belief of when Plaintiff sent the FOIA request and of Plaintiff's alleged belief about the ARCOS-2 database, and therefore deny the same. Defendants admit that Plaintiff's FOIA request was received on November 29, 2012. Defendants deny the remaining allegations of this paragraph inconsistent with the contents of Plaintiff's FOIA request, attached as Exhibit 1 to Plaintiff's Complaint.

6. Admit to the first and second sentences. With respect to the third sentence, Defendants admit to the extent that its acknowledgment letter dated November 29, 2012, informs the Plaintiff that his request "will be handled in chronological order based on the date of this letter" and provided a customer service contact telephone number and mailing address. Defendants deny any remaining allegations of this paragraph inconsistent with

the contents of the November 29, 2012 letter, attached as Defendants' Exhibit A.

    7.    Defendants deny that a response to Plaintiff's request was due by December 19, 2012, and further deny any allegations inconsistent with 5 U.S.C. § 552(a)(6)(A)(i).

    8.    Admit.

    9.    Admit.

    10.    Defendants admit they have not provided Plaintiff with an estimated date, but deny the remaining allegations of this paragraph, and further deny any allegations inconsistent with the requirements of 5 U.S.C. § 552(a)(7)(B).

    11.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of when Plaintiff sent the FOIA request dated February 5, 2013 and of Plaintiff's alleged belief about the ARCOS-2 database, and therefore deny the same. Defendants admit that Plaintiff's request was received on February 12, 2013.  Defendants deny any remaining allegations of this paragraph inconsistent with the contents of Plaintiff's request, attached as Exhibit 2 to Plaintiff's Complaint.

    12.    Admit as to the first and second sentences.  With respect to the third sentence, Defendants admit to the extent that its acknowledgment letter dated February 20, 2013, informs the Plaintiff that his request "will be handled in chronological order based on the date of this letter" and provided a customer service contact telephone number and mailing address.  Defendants deny any remaining allegations of this paragraph inconsistent with the contents of the February 20, 2013 letter, attached as Defendants' Exhibit B.

13. Defendants deny that a response to Plaintiff's request was due by March 20, 2013, and further deny any allegations inconsistent with the requirements of 5 U.S.C. § 552(a)(6)(A)(i).

14. Admit.

15. With regard to the first sentence, Defendants deny knowledge sufficient to form a belief as to the truth or falsity of the Plaintiff's assertion because Plaintiff has failed to define the term "search" as it applies to records in the ARCOS database, and therefore denies the same. Defendants admit DEA can produce records from the ARCOS database. Defendants deny any allegations of this paragraph inconsistent with the contents of Plaintiff's FOIA requests, attached as Exhibits 1 and 2 to Plaintiff's Complaint.

16. Admit.

17. Admit to the first sentence.  Regarding the second sentence, Defendants admit to the extent that ARCOS information on drug distribution is used throughout the United States by U.S. Attorneys and DEA investigators to strengthen criminal cases in the courts, and deny any remaining allegations in this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the Plaintiff's assertion because Plaintiff has failed to define the terms "certain ARCOS information" and "publicly available."

19. Admit.

20. Defendants deny that Plaintiff's Exhibit 3 shows that creating the reports requested by Plaintiff would not be burdensome or difficult.  Defendants deny any

remaining allegations of this paragraph inconsistent with the contents of Exhibit 3.

21. Admit to the first sentence. Defendants further admit that its May 16, 2013, letter requested an advance payment of an estimated search and review fee of $3,434, but deny that such payment would necessarily result in the Plaintiff obtaining the requested records. Admit to the third sentence. Defendants deny any remaining allegations of this paragraph inconsistent with the contents of the May 16, 2013 letter, attached as Defendants' Exhibit C.

22. Admit to the first sentence. Defendants further admit that its May 21, 2013, letter requested an advance payment of an estimated search and review fee of $3,362, but deny that such payment would necessarily result in the Plaintiff obtaining the requested records. Admit to the third sentence. Defendants deny any remaining allegations of this paragraph inconsistent with the contents of the May 21, 2013 letter, attached as Defendants' Exhibit D.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of when the Plaintiff sent the letter dated June 11, 2013. Defendants admit that on June 12, 2013, DEA received from the Plaintiff a letter dated June 11, 2013, with a check in the amount of $3,434.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of when the Plaintiff sent the letter dated June 20, 2013. Defendants admit that on June 21, 2013, DEA received from the Plaintiff a letter dated June 20, 2013, with a check in the amount of $3,362.

25. Defendants admit that they sent Plaintiff two letters, each dated July 3, 2013. Defendants deny any remaining allegations of this paragraph inconsistent with the contents of the July 3, 2013 letters, attached as Defendants' Exhibits E-F.

26. Admit that Plaintiff mailed a letter to Defendants on August 12, 2013. Defendants deny any remaining allegations of this paragraph inconsistent with the contents of the August 12, 2013 letter, attached as Defendants' Exhibit G.

27. Admit to the first sentence. Defendants further admit that DEA's FOIA Specialist informed the Plaintiff's colleague that this was a large case and that documents were yet to be processed.   Deny as to any remaining allegations.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of whether a voicemail was left by the Plaintiff on September 25, 2013, and therefore deny the allegations in this paragraph.

29. Defendants admit that no further telephone calls were made to the Plaintiff since the August 29, 2013 call, but lack sufficient knowledge or information to form a belief as to the truth or falsity of whether a voicemail was left by the Plaintiff on September 25, 2013.

30. Defendants admit they have not provided Plaintiff with an estimated date, but deny the remaining allegations of this paragraph, and further deny any allegations inconsistent with the requirements of 5 U.S.C. § 552(a)(7)(B).

31. Admit.

## Count 1

**(November 20, 2012 FOIA Request)**

32. This paragraph repeats and re-alleges the allegations contained in paragraphs 1-31 of Plaintiff's Complaint. To the extent a response is required, Defendants respectfully refer the Court to the responses to those specific preceding paragraphs.

33. Defendants deny they have improperly withheld agency records, and deny any remaining allegations in this paragraph.

34. Defendants deny they have violated FOIA by failing to provide Plaintiff with an estimated date.

35. Defendants deny Plaintiff has been irreparably harmed. Defendants further deny they have violated FOIA. Defendants deny any remaining allegations in this paragraph.

## Count 2

**(February 5, 2013 FOIA Request)**

36. This paragraph repeats and re-alleges the allegations contained in paragraphs 1-35 of Plaintiff's Complaint. To the extent a response is required, Defendants respectfully refer the Court to the responses to those specific preceding paragraphs.

37. Defendants deny they have improperly withheld agency records, and deny any remaining allegations in this paragraph.

38. Defendants deny they have violated FOIA by failing to provide Plaintiff with an estimated date.

39. Defendants deny that Plaintiff has been irreparably harmed. Defendants further deny they have violated FOIA. Defendants deny any remaining allegations in this paragraph.

The remaining paragraphs of the Complaint contain the Plaintiff's Requested Relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the remainder of the Complaint and further aver that Plaintiff is not entitled to the requested relief or any other relief from the Defendants.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction over Plaintiff's FOIA claims under 5 U.S.C. § 552(a)(4)(B).

2. The Complaint fails to state a claim against the Defendants upon which relief can be granted under FOIA, in part because Plaintiff has failed to allege that Defendants have improperly withheld agency records.

3. The Complaint fails to allege proper venue.

4. Defendants reserve the right to amend this Answer and raise additional affirmative defenses that may become available during the course of this matter.

## **CONCLUSION**

Wherefore, having fully answered, Defendants assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and respectfully request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper.

Dated: December 16, 2013               Respectfully Submitted,

                                       JOHN R. MARTI
                                       Acting United States Attorney

                                       s/ Pamela A. Marentette

                                       BY:  PAMELA A. MARENTETTE
                                       Assistant United States Attorney
                                       Attorney ID Number 0389725
                                       600 United States Courthouse
                                       300 South Fourth Street
                                       Minneapolis, MN 55415
                                       Phone:  612-664-5600
                                       Email: Pamela.Marentette@usdoj.gov

                                       Attorneys for Defendants