UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher W. Madel,                        Civ. No. 13-2832 (PAM/FLN)

                Plaintiff,

v.                                       **MEMORANDUM AND ORDER**

United States Department of
Justice, and Drug Enforcement
Administration,

                Defendants.

---

This matter is before the Court on the parties' cross-Motions for Summary Judgment. For the reasons that follow, Plaintiff's Motion is denied and Defendants' Motion is granted.

**BACKGROUND**

In November 2012 and February 2013, Plaintiff Christopher Madel sent requests under the Freedom of Information Act to Defendants United States Department of Justice and the Drug Enforcement Administration. These requests sought information regarding monthly or quarterly sales and distribution of oxycodone in the state of Georgia by five different entities: Cardinal Health, Inc., CVS Caremark, Walgreen Company, AmerisourceBergen Corp., and McKesson Corp.[1] The requests also sought specific reports from the ARCOS[2]

---

[1] At the hearing, counsel explained that Madel works with law enforcement in Georgia in an effort to stop the diversion of prescription painkillers for illegal use. There was no explanation, however, as to why state law enforcement did not ask the DEA or Department of Justice directly for the information.

[2] ARCOS stands for "Automation of Reports and Consolidated Orders System."

database, which is "the DEA system of records that consists of documentation of individual business transactions between individuals who handle controlled substances [such as] manufacturers[,] distributors, . . . and retail [outlets like] pharmacies, hospitals, practitioners, researchers, importers/exporters, etc." (Myrick Decl. ¶ 23.)

Defendants acknowledged receipt of the FOIA requests and assigned each request a number. But although FOIA requires the government agency to respond to a request within 20 days, 5 U.S.C. § 552(a)(6)(A)(I), neither Defendant responded to either of Madel's requests for months, up to the filing of the Complaint in October 2013. The agencies did, however, demand payment for searching the database: $3,362 for the November 2012 request and $3,434 for the February 2013 request. Madel sent the funds as the agencies requested.

Despite writing and calling the agencies multiple times, the agencies would not tell Madel when he could expect a response to his requests. He filed this lawsuit on October 15, 2013, seeking to force a response. On December 20, 2013, Defendants finally produced some records, in the form of Reports 2, 3, 4, 5 and 7 from the ARCOS database. The production did not include Reports 1 or 6 from ARCOS, as Madel had requested. Defendants also did not produce the sales or distribution records for any of the five entities that Madel had requested.

On January 23, 2014, after Madel filed a memorandum in support of his Motion for Summary Judgment, Defendants denied the remaining portions of his requests under FOIA exemption 4, which exempts certain commercial information. Defendants also told Madel that no information was found in the ARCOS database related to Report 6 or as to CVS Caremark. In conjunction with their own Motion for Summary Judgment, on February 6, 2014, Defendants submitted for the first time an affidavit describing the DEA's processing of Madel's FOIA requests, including the reasoning behind the application of exemption (b)(4). (Myrick Decl. (Docket No. 23).)

**DISCUSSION**

Madel's summary judgment motion originally sought a declaratory judgment that Defendants violated FOIA by not responding to his requests in a timely manner. He has apparently not abandoned this claim, although Defendants have now responded to his requests. Madel claims that a declaration regarding timeliness will ensure that Defendants respond to FOIA requests in the future, but this speculative future effect is not sufficient for the equitable relief of a declaratory judgment. Madel's declaratory judgment request is moot. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987) (claims regarding the timeliness of responses to FOIA requests are mooted by agency's response, even if belated); see also Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n, 711 F.3d 180 (D.C. Cir. 2013) (assuming mootness of timeliness claims after agency's response to FOIA request, but noting that substantive claims under FOIA are not mooted by agency's late response).

Madel also asks for an injunction directing Defendants not to improperly withhold responsive documents. Again, given Defendants' response to Madel's FOIA requests, this request for an injunction is moot.

Finally, Madel seeks a detailed affidavit describing Defendants' FOIA searches and their reasoning for exempting information, as well as a Vaughn Index justifying why some documents are exempt, pursuant to Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973). Defendants argue that the Myrick Declaration satisfies this part of the relief Madel seeks, but Madel disagrees. Essentially, Madel asks the Court to determine that the Defendants improperly invoked exemption 4 with respect to the information in Report 1.[3]

FOIA requires federal agencies, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules" to make such records "promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The statute provides that the agency determine "within 20 days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." Id. § 552(a)(6)(A)(I). However, agencies are not required to divulge all records requested. Rather, FOIA does not apply to matters such as national defense or

---

[3] Madel's written submissions also challenge whether Defendants' search for documents was reasonable. "The adequacy of an agency's search for requested documents is judged by a standard of reasonableness, i.e., 'the agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.'" Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (quoting Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983)). The arguments presented at the hearing, however, show that Madel's only remaining challenge is to the application of exemption 4.

foreign policy secrets, documents exempted from disclosure by statute, or as relevant here, information that constitutes "trade secrets and commercial or financial information obtained from a person and privileged or confidential."  Id. § 552(b)(4).

To determine whether summary judgment in favor of a FOIA defendant is appropriate, the Court must construe the facts in the light most favorable to the FOIA requester.  Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985).  The agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  Nat'l Cable Television Ass'n, Inc., v. Fed. Commc'ns Comm'n, 479 F.2d 183, 186 (D.C. Cir. 1973).  Although the Court's review is de novo, 5 U.S.C. § 552(a)(4)(B), that review is also limited to "review[ing] the adequacy of the affidavits and other evidence presented by the Government in support of its position."  Cox v. United States Dep't of Justice, 576 F.2d 1302, 1312 (8th Cir. 1978).

> If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position.  The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Id.

As noted briefly above, Madel's FOIA request sought information related to the distribution of oxycodone, a Schedule II narcotic, in the state of Georgia, and specifically sought information about the purchase and distribution of oxycodone by five major drug distributors or pharmacy retailers in Georgia. Those companies are required by law to submit such information to the Drug Enforcement Agency, and in turn the regulations require the agency to inform the companies of FOIA requests for the information they submit and to give the companies an opportunity to object to disclosure of their records. 28 C.F.R. § 16.8.

Here, the information in Report 1 of the ARCOS database is a spreadsheet listing information about the supplier of oxycodone, the buyer of the drug (such as a retail pharmacy, hospital, or clinic) and detailed information about the buyer, transaction dates, total dosage units, and total grams provided to each buyer. (Myrick Aff. ¶ 34.) The companies all objected to the disclosure of this information because it would allow discovery of each company's market share, inventory levels, and sales, causing the company competitive harm. (Id. ¶ 38.) In particular, the companies pointed out that information about a particular buyer's purchases could "be used to estimate inventory levels and corresponding sales at a particular registered location, which can in turn be used to determine market share and sales trends." (Id. ¶ 39.) One company noted that its competitors could use such data to target specific markets and gain market share in those markets. (Id.) Two other companies objected that the data could be used to circumvent anti-diversion measures the companies already have in place in Georgia. (Id.)

Although Madel is dissatisfied with Defendants' explanation, he has offered the Court

no reason to doubt the veracity or the good faith of the Myrick Declaration. And the statements in that Declaration establish grounds for nondisclosure that are reasonable and consistent with the law. FOIA does not require anything more.

Defendants have carried their burden to establish that the information withheld falls within exemption 4. They are thus entitled to summary judgment.

**CONCLUSION**

Defendants have adequately explained why some of the information Madel sought is not subject to disclosure. The Court accepts that explanation, and Defendants need not respond further to Madel's FOIA requests.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 14) is **DENIED**; and

2. Defendants' Motion for Summary Judgment (Docket No. 20) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 23, 2014

            *s/ Paul A. Magnuson*
            Paul A. Magnuson
            United States District Court Judge