UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER W. MADEL<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>    and<br><br>DRUG ENFORCEMENT ADMINISTRATION,<br><br>    Defendants,<br>    and<br><br>WALGREEN CO.,<br><br>    Proposed Intervenor/Defendant. | No. 13-cv-2832 PAM/FLN |

**WALGREEN CO.'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO INTERVENE**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................3

I.      WALGREENS IS ENTITLED TO INTERVENE AS OF RIGHT ....................................3

II.     ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE
INTERVENTION ...................................................................................................7

CONCLUSION .....................................................................................................................8

## INTRODUCTION

This case seeks to compel the government to disclose confidential business information it received from companies that are not party to this matter. Those companies are in a better position than any current party to this matter to explain why such disclosure would be inappropriate. Proposed Intervenor-Defendant Walgreen Co. ("Walgreens") is one of those companies and seeks to intervene here pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(2) for the limited purpose of protecting its confidential information.

Under the Drug Enforcement Administration's ("DEA's") regulations, Walgreens is required to submit detailed information concerning the distribution and sale of controlled substances. Walgreens provides this information to DEA in strict confidence, under the expectation that it is protected by Freedom of Information Act ("FOIA") Exemption 4, which exempts "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential" from disclosure. 5 U.S.C. § 552(b)(4) ("Exemption 4").

Walgreens seeks to intervene now because, on August 28, 2017, the existing parties to this case filed a motion seeking to clarify DEA's obligation to segregate and produce information regarding sales of controlled substances, which it received from multiple companies, including Walgreens, and incorporated into certain spreadsheets. Dkt. No. 113. As the Eighth Circuit explicitly held, "substantial competitive harm is likely" from disclosure of these spreadsheets in their original form. *Madel v. U.S. Dep't of Justice*, 784 F.3d 448, 453 (8th Cir. 2015). That is because competitors "'would be

able to use [the information] to target specific markets, forecast potential business of new locations, or to gain market share in existing locations.'" *Id.* at 452 (quoting a declaration from the DEA's FOIA/Privacy Act Unit chief officer). The Eighth Circuit remanded for a determination of segregability, *id.* at 453-54, and this Court concluded that it was of the view that "information by the buyer's county, business activity, drug type, transaction date, dosage units, and total grams" is reasonably segregable. *Madel v. U.S. Dep't of Justice*, No. CV 13-2832, 2017 U.S. Dist. LEXIS 4362, at *10 (D. Minn. Jan. 11, 2017).

The August 28, 2017 joint motion goes beyond the Court's prior order and asks the Court for a new order requiring the government to release the buyer name column (in obfuscated form) and zip code column (first three digits). Dkt. No. 115 at 1. Plaintiff goes even further and requests that the supplier name column also be released. *Id*. Walgreens opposes the position of the parties and wishes to file a response to the joint motion. Owners of confidential information are routinely allowed to intervene in suits seeking to compel the government to release their information under FOIA. *See infra* at 4-6 (citing many cases). Likewise, for the reasons explained below, Walgreens should be allowed to intervene here, either as of right or permissibly. Given the limited purpose for Walgreens' proposed intervention and the exigency of the circumstances, Walgreens also respectfully requests that the Court waive or defer any requirement to file an answer.[1]

---

[1] Courts routinely allow parties to intervene without filing a separate pleading when they intervene for a limited purpose, as here. *See, e.g.*, *Comm. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines*, No. 09-1572, 2017 WL 1376298, at *3 (W.D. Pa. Apr. 17, 2017); *Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, 257 F.R.D. 96, 101 (W.D.N.C. 2009).

# ARGUMENT

I.  **WALGREENS IS ENTITLED TO INTERVENE AS OF RIGHT**

Walgreens has precisely the type of direct interest in this suit required for intervention as of right.  Rule 24(a)(2) allows intervention as of right where the protection of an applicant's interest may be impaired or impeded if the lawsuit proceeds without him, provided the intervenor establishes that: (1) the application for intervention is timely; (2) it claims an interest in the property or transaction which is the subject of the litigation; (3) disposition of the litigation in the intervenor's absence may impede or impair its ability to protect its interest; and (4) current parties to the suit do not adequately represent the intervenor's interests.  *S. Dakota v. Ubbelohde*, 330 F.3d 1014, 1023 (8th Cir. 2003); Fed. R. Civ. P. 24(a)(2).  Walgreens easily satisfies all four factors.

*First*, Walgreens' motion is timely.  When considering timeliness, courts "consider[]…all the circumstances[,]" including whether an intervenor would "unduly disrupt[ ] [the] litigation, to the unfair detriment of the existing parties."  *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) (citation omitted).  Walgreens is filing this motion the *same day* as the parties filed their joint motion requesting an order on the pertinent issue.  Walgreens stands ready to meet any deadlines set by the Court for filing its responsive brief and declaration, so no significant disruption will result from the intervention.

*Second*, Walgreens has a significant protectable issue at issue: preventing irreversible disclosure of confidential and commercially sensitive information.  Indeed, "preventing the disclosure of commercially-sensitive and confidential information is a

3

well-established interest sufficient to justify intervention under Rule 24(a)."[2] *100Reporters LLC v. U.S. Dep't of Justice*, 307 F.R.D. 269, 275 (D.D.C. 2014) (allowing intervention); *see also Gov't Accountability Project v. FDA*, 181 F. Supp. 3d 94, 96 (D.D.C. 2015) (quoting *100Reporters*) (intervenor had a protected interest in preventing disclosure); *Airline Pilots Ass'n, Int'l. v. U.S. Postal Serv.*, No. 03-cv-2384, 2004 WL 5050900, at *1, 3 (D.D.C. June 24, 2004) (FedEx permitted to intervene when FOIA request to U.S. Postal Service sought release of FedEx's confidential commercial and financial information potentially protected under FOIA Exemption 4). In sum, courts routinely grant intervention in FOIA cases in circumstances similar to the ones in this case. *See, e.g.*, *Minn. v. Dep't of Energy*, No. Civil 4-81-434, 1982 WL 1155, at *4 (D. Minn. Dec. 14, 1982) (granting motion to intervene where plaintiff sought "proprietary and commercial financial information" intervenor had provided to government); *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 900 (D.C. Cir. 1999) (permitting drug manufacturer to intervene in case where plaintiff made FOIA request for documents relating to abandoned drug, on grounds that applications contained confidential commercial information); *Appleton v. FDA*, 310 F. Supp. 2d 194, 196-97 (D.D.C. 2004)

---

[2] For similar reasons, Walgreens also has Article III standing. The disclosure of Walgreens' confidential information, which is threatened imminently, would cause Walgreens competitive injury. Intervention and a court order disallowing that disclosure would prevent the threatened injury.

(allowing companies that submitted new drug applications to intervene in FOIA case to protect trade secrets and confidential information from disclosure).[3]

*Government Accountability Project* is particularly instructive. There, the Government Accountability Project brought an action against the Food and Drug Administration ("FDA") under FOIA, seeking records related to the use of medications in food-producing animals. 181 F. Supp. 3d at 94. The two parties eventually narrowed the litigation to a dispute over a single redacted document concerning medication sales data from a single year, 2009. *Id*. The Animal Health Institute ("AHI"), a trade association of companies that develop and manufacture animal medications, moved to intervene to protect its member companies from public disclosure of the annual sales volume of medications from 2009, which it alleged would likely cause substantial competitive harm. *Id*. at 94-95. The court held that "AHI easily satisfied all four factors" and allowed AHI to intervene in the FOIA litigation. *Id*. at 95-96. Here, Walgreens' interest in protecting its sales data is even greater than AHI's, as Walgreens is looking to protect sales data that spans *seven years*, not just one.

---

[3] FOIA Exemption 4 applies broadly to protect confidential information submitted to government agencies from irreversible disclosure. *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 319 (D.C. Cir. 2006) ("[Exemption 4] reaches . . . broadly and applies (among other situations) when the provider of the information has a commercial interest in the information submitted to the agency."). This protection extends to sales data, including data showing the number of doses of a drug. *See, e.g.*, *Sharkey v. FDA*, 250 F. App'x 284, 290-91 (11th Cir. 2007) (holding FOIA confidential commercial exemption applied to net number of doses of the Hepatitis B vaccine); *Greenberg v. FDA*, 803 F.2d 1213, 1216 (D.C. Cir. 1986) (holding that customer lists constitute commercial information protected under Exemption 4).

*Third*, this action threatens Walgreens' ability to protect its interest. To determine whether an unfavorable disposition of this case "may as a practical matter impair or impede" Walgreens' interest in the litigation, Fed. R. Civ. P. 24(a)(2), courts look to the "practical consequences" of denying intervention when evaluating an intervention request. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (citation omitted). The practical consequences of denying intervention in this case would be severe. If Walgreens' information is released before Walgreens has been given an opportunity to be heard, the company will have *no* practical recourse or ability to protect the information and avoid competitive harm.

*Fourth*, the existing parties to the lawsuit do not adequately represent Walgreens' interests. The burden of showing inadequate representation for Rule 24(a) purposes is "minimal" and "satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). Walgreens easily meets this burden. Plaintiff is opposed to Walgreens' position and the government has filed a joint motion with Plaintiff agreeing that much of the information Walgreens considers to be highly confidential and commercially sensitive must be produced. This is why courts have recognized that in FOIA litigation "the government entity and the private intervenor will possess fundamentally different interests—the government is interested in fulfilling its FOIA obligations; the intervenor is interested in preventing disclosure of its confidential materials." *100Reporters*, 307 F.R.D. at 280. In addition, the government has no

6

financial interest or investment in this case, while Walgreens has significant private, economic, and business interests at stake.

In sum, Walgreens easily satisfies each of the four requirements for intervention as of right.

## II. ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION

Although it maintains it should be permitted to intervene as of right, Walgreens also qualifies for permissive intervention under Rule 24(b)(1)(B).  Permissive intervention is generally permitted upon (i) timely application where (ii) an applicant "has a claim or defense that shares with the main action a common question of law or fact" and (iii) the proposed intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).  Walgreens meets these requirements.  First, as described above, Walgreens' motion is timely. *Supra* at 4. Second, Walgreens' defense—that FOIA Exemption 4 prohibits the release of some of the information at issue—is the main issue in this case.  Third, Walgreens' proposed intervention will not unduly delay the proceedings because the Court is about to consider the position of the parties and can easily consider Walgreens' position at the same time. Neither the government nor the plaintiff will suffer any prejudice from any delay that may result allowing Walgreens to submit a brief and declaration.  Moreover, the notional harm that might result from any delay would be clearly outweighed by the irreparable harm to Walgreens if the data is released.

## CONCLUSION

For the foregoing reasons, Walgreens should be permitted to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, the Court should grant Walgreens' permissive intervention pursuant to Rule 24(b).

Dated: August 28, 2017

    Respectfully submitted,

    /s/ Gerhard P. Gengel II
    Gerhard P. Gengel II (Minn. Bar No. 0158598)
    LATHAM & WATKINS LLP
    885 Third Avenue
    New York, NY 10022-4834
    Phone: (212) 906-4690
    Fax: (212) 751-4864
    gary.gengel@lw.com

    Philip J. Perry (DC Bar No. 434278)*
    Andrew D. Prins (DC Bar No. 998490)*
    Drew R. Wisniewski (DC Bar No. 1016351)*
    LATHAM & WATKINS LLP
    555 11th Street NW, Suite 1000
    Washington, DC 20004
    Phone: (202) 637-2200
    Fax: (202) 637-2201
    Philip.Perry@lw.com
    Andrew.Prins@lw.com
    Drew.Wisniewski@lw.com

    *Counsel for Proposed Intervenor-Defendant Walgreen Co.*

    *Pro Hac Vice Application Pending